**SO ORDERED.**

**SIGNED this 15th day of May, 2012.**



Dale L. Somers
United States Bankruptcy Judge

___

For on-line use but not print publication.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

**LINCOLN GERMAINE WILLIAMS,**

**DEBTOR.**

CASE NO. 11-11870
CHAPTER 7

**MEMORANDUM OPINION AND JUDGMENT
GRANTING DEBTOR'S MOTION FOR TURNOVER**

Debtor Lincoln Germaine Williams has filed a Motion for Turnover of funds garnished postpetition by creditor Aaron's Inc.[1] The motion is opposed on the ground that

---

[1] The motion for turnover is dkt. 47. This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for turnover of property acquired in violation of the automatic stay is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

Aaron's release of the garnishment order and return of all funds garnished after receipt of notice of the bankruptcy fully satisfies its obligation.

The parties do not controvert the following facts. On April 8, 2011, Aaron's filed a garnishment proceeding for withholding of funds from Debtor's wages. Debtor filed for relief under Chapter 7 on June 23, 2011, but Aaron's was not listed as a creditor and notice of the bankruptcy was not given to Aaron's. Aaron's garnishments continued. Debtor filed an amendment to his schedule of unsecured claims on October 5, 2011, to add Aaron's as a creditor and to provide notice of the bankruptcy to Aaron's and its attorney. On October 6, 2011, Debtor's attorney called the attorney for Aaron's to find out why the garnishment order had not been released. The garnishment order was terminated October 6, 2011. All garnished wages received by Aaron's subsequent to receiving notice of the bankruptcy were delivered to Debtor's attorney. The Motion for Turnover seeks to recover wages garnished postpetition but before Aaron's had notice of the bankruptcy. Aaron's in its brief states, "The total amount of wages garnished post-petition is $489.40," but does not state if this includes the postpetition garnished wages which have already been returned.

Under 11 U.S.C. § 362(a), the filing of a Chapter 7 case automatically gives rise to a stay, applicable to all entities, of the continuation of all judicial and administrative proceedings against the debtor and any act to collect a claim against the debtor which arose before the commencement of the case. The parties agree that the stay applies to the garnishment orders issued for Aaron's benefit. The dispute is over the effect of the stay

2

on wages garnished after the bankruptcy filing but before Aaron's had notice of the bankruptcy.

The Court finds that wages earned postpetition and garnished after the case was filed but before Aaron's had notice of the bankruptcy must be turned over to the Debtor. In the Tenth Circuit, "any action taken in violation of the stay is void and without effect."[2] This means that the postpetition garnishments were not effective to grant Aaron's a right to Debtor's postpetition wages. "Relying primarily on § 362(a)(1) and (2), courts have consistently placed an affirmative duty on garnishing creditors to stop garnishment proceedings once notified of the bankruptcy filing and to return any funds garnished in violation of the stay."[3]

The absence of notice to the creditor that the bankruptcy has been filed is not a defense to the obligation to turnover. Notice to creditors is not an element of the imposition of the stay. The stay arises automatically upon the filing of the petition for relief, not upon notice to creditors of the filing. "A creditor who has initiated collection efforts without knowledge of a bankruptcy petition has an affirmative duty to restore the

---

[2] *Ellis v. Consolidated Diesel Electric Corp.*, 894 F.2d 371, 372 (10th Cir. 1990).

[3] *Chase Lumber & Fuel Co. v. Koch (In re Koch)*, 197 B.R. 654, 660 (Bankr. W.D. Wis. 1996). *See Blake v. U.S. Dept. of Edu. (In re Blake)*, 235 B.R. 568, 569 (Bankr. D. Md. 1998) (where Department of Education violated stay by causing setoff by the Internal Revenue Service, debtor was entitled to refund of the proceeds diverted); *The Off. Comm. of Unsecured Creditors of Operation Open City v. The N.Y. State Dept. of State (In re Operation Open City, Inc.)*, 170 B.R. 818, 825 (D.S.D.N.Y. 1994) (where the state violated the automatic stay when exercising setoff, the bankruptcy court correctly ordered turnover of the amount improperly setoff ).

3

*status quo* without the debtor having to seek relief from the Bankruptcy Court."[4]  Lack of proper notice protects a creditor from the imposition of a penalty,[5] but not from the turnover obligation.

As Aaron's points out, recovery of damages for violation of stay is governed by § 362(k).  Under that subsection, subject to a limited exception, an individual injured by any willful violation of a stay provided by § 362 "shall recover actual damages, including costs and attorney fees, and, in appropriate circumstances, may recover punitive damages."  Aaron's relies upon this section as a defense.  It notes that Debtor does not contend that Aaron's willfully violated the stay and that "11 USC Section 362 does not provide a remedy beyond release of the garnishment unless there is a willful violation of the automatic stay."[6]  This argument is misplaced.  The obligation to return proceeds of actions take in violation of the stay is not within the damage subsection of § 362.  Turnover will restore Debtor's property to him;[7] it is not an award of damages.[8]  Debtor is

---

[4] *In re Pulliam*, 262 B.R. 539, 543 (Bankr. D. Kan. 2001).

[5] Section 342(g)(2), added by the 2005 amendments to the Code, provides that "a monetary penalty may not be imposed on a creditor for violation of a stay in effect under section 362(a) (including a monetary penalty imposed under section 362(k)) . . . unless the conduct that is the basis of such violation or such failure occurs after such creditor receives notice effective under this section of the order for relief."

[6] Dkt. 81, p. 6.

[7] In a chapter 7 case, a debtor's post petition wages are not property of the estate. 11 U.S.C. § 541(a)(6).  However, turnover of property acquired by a creditor in violation of the stay may not be retained by the creditor whether it is property of the estate or property of the debtor.

[8] *In re Operation Open City, Inc.*, 170 B.R. at 825.

seeking turnover, not an award of damages under § 362(k).[9] The purpose of protecting debtors from collection activity during the pendency of a case in bankruptcy would be undercut if lack of notice to a creditor were a sufficient basis for a creditor to retain wages garnished in violation of the stay.

For the foregoing reasons, the Court grants the Debtor's motion for turnover. Any funds received by Aaron's from garnishments of postpetition wages must be turned over to the Debtor.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting Debtor's Motion for Turnover. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###

---

[9] The Court notes, however, that such a claim may be present under the facts of this case. Although the violation was initially technical because of the lack of notice, there is a basis to argue that the violation became willful when Aaron's did not immediately restore the funds when it acquired knowledge of the stay. *E.g., In re Pulliam*, 262 B.R. at 543.

5